Case 4:25-cr-00242-DC   Document 5   Filed 11/05/25   Page 1 of 7

FILED
11/5/2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: ___JL___
       Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> (1) TIBURCIO ACOSTA, also known as (a.k.a. Butch Acosta); and <br> (2) ADALBERTO JAQUEZ HINOJOSA, <br><br> Defendants. | CRIMINAL NO. Case No: 4:25-CR-00242 <br><br> **SEALED** <br> **INDICTMENT** <br><br> **CT 1:** 18 U.S.C. §§ 554 & 371, Conspiracy to Smuggle Goods from the United States; <br> **CT 2:** 18 U.S.C. § 554, Smuggling Goods from the United States; <br> **CT 3:** 18 U.S.C. § 933, Firearms Trafficking. <br><br> *Notice of Government's Demand for Forfeiture* |

THE GRAND JURY CHARGES:

## INTRODUCTION

At times material to this indictment, on or about the dates and approximate times stated below:

1. Prior to March 2, 2020, the U.S. Munitions List (USML), located at Title 22, Code of Federal Regulations, Section 121.1. detailed articles, services and related technical data designated as defense articles or defense services pursuant to sections 38 and 47(7) of the Arms Export and Control Act.

2. Firearms were designated as defense articles described in Category 1(a) of the USML.

3. According to Title 22, United States Code, Section 2778, no firearms or ammunition could be exported out of or imported into the United States without a license for such export or import.

4. Effective March 2, 2020, the Commerce Control List ("CCL"), located at Title 15, Code of Federal Regulations, Section 774, details commodities, software, and technology subject to control by the United States Department of Commerce, Bureau of Industry and Security pursuant to the Export Control Reform Act, Title 50, United States Code, Chapter 58.

5. The CCL is part of the Export Administration Regulations ("EAR"), located at Title 15, Code of Federal Regulations, Section 730 *et seq*.

6. Firearms are designated as controlled items in Section 774, Appendix Supplement Number 1 of the CCL.

7. Ammunition is designated as controlled item in Section 774, Appendix Supplement Number 1 of the CCL.

8. According to Title 15, Code of Federal Regulations, Section 736.2, a person may not export an item subject to the EAR to another country if exporting that item to that country requires a license.

## COUNT ONE
## (18 U.S.C. §§ 554, 371)

The Introduction in this indictment is re-alleged and fully incorporated here by reference.

Beginning on or about January 1, 2020, and continuing until on or about the date of the Indictment, in the Western District of Texas and the Republic of Mexico, defendants,

**(1) TIBURCIO ACOSTA,**
**also known as (a.k.a. Butch Acosta); and**
**(2) ADALBERTO JAQUEZ HINOJOSA,**

and others known and unknown to the grand jury, knowingly and willfully did combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit the following offenses against the United States, that is, knowingly and unlawfully conceal, buy, and facilitate the transportation and concealment of, and export and attempt to export from the United States into Mexico any merchandise, article and object, prior to exportation, knowing the same to be intended for exportation from the United States, contrary to any law or regulation of the United States, to-wit: a firearms, firearms components and ammunition, all in violation of Title 18, United States Code, Section 554.

### OVERT ACTS

One or more of the Defendants committed at least one of the following overt acts in furtherance of the conspiracy:

1. In 2020, ADALBERTO JAQUEZ HINOJOSA smuggled approximately 3000 rounds

of .223 ammunition from the United States into Mexico for use by the La Linea cartel.

2. On a different occasion in 2020, ADALBERTO JAQUEZ HINOJOSA smuggled approximately 200 rounds of 9mm ammunition and approximately 300 rounds of 5.7mm ammunition from the United States into Mexico for use by the La Linea cartel.

3. On or about January 17, 2022, TIBURCIO ACOSTA also known as (a.k.a. Butch Acosta) and ADALBERTO JAQUEZ HINOJOSA received multiple firearms at the behest or in concert with Co-Conspirator 1 knowing that said firearms were to be illegally exported to Mexico for use by the La Linea cartel.

4. On or about March 30, 2022, ADALBERTO JAQUEZ HINOJOSA instructed TIBURCIO ACOSTA also known as (a.k.a. Butch Acosta) regarding the receiving and handling of firearms including a SCAR rifle which were in turn were smuggled into Mexico for use by the La Linea cartel.

5. On or about March 30, 2022, TIBURCIO ACOSTA also known as (a.k.a. Butch Acosta) received firearms including a SCAR rifle trafficked by Co-Conspirator 2 and others which firearms were in turn smuggled into Mexico for use by the La Linea cartel.

6. On or about April 18, 2022 Co-Conspirator 2 delivered a large shipment of firearms to TIBURCIO ACOSTA also known as (a.k.a. Butch Acosta) which shipment included two SCAR rifles, AR 15 rifles and AK 47 type rifles which rifles were in turn smuggled into Mexico for use by the La Linea cartel.

7. On or about November 5, 2022 Co-Conspirator 2 placed multiples boxes of 5.56mm ammunition as well as a firearm inside a truck belonging to TIBURCIO ACOSTA

3

also known as (a.k.a. Butch Acosta) at a location in Presidio, Texas which ammunition and firearm were in turn smuggled into Mexico for use by the La Linea cartel.

8. On or about January 6, 2025, ADALBERTO JAQUEZ HINOJOSA purchased approximately 139 magazines for AK-47 rifles from a business in El Paso, Texas.

## COUNT TWO
## (18 U.S.C. § 554)

The Introduction in this indictment is re-alleged and fully incorporated here by reference.

On or about March 30, 2022, in the Western District of Texas, Defendant,

**(1) TIBURCIO ACOSTA,**
**also known as (a.k.a. Butch Acosta); and**
**(2) ADALBERTO JAQUEZ HINOJOSA,**

knowingly and unlawfully concealed, bought, and facilitated the transportation and concealment of any merchandise, article and object, prior to exportation, knowing the same to be intended for exportation from the United States, contrary to any law or regulation of the United States, to-wit: various firearms which are controlled items as defined in the CCL, and the Defendants had not received a license or authorization for such export, in violation of Title 18, United States Code, Section 554.

## COUNT THREE
## (18 U.S.C. § 933(a)(1), § 933(a)(3))

The Introduction in this indictment is re-alleged and fully incorporated here by reference.

Beginning on or about January 1, 2020, and continuing until on or about the date of the Indictment, in the Western District of Texas and the Republic of Mexico, defendants,

**(1) TIBURCIO ACOSTA,**
**also known as (a.k.a. Butch Acosta); and**
**(2) ADALBERTO JAQUEZ HINOJOSA,**

did knowingly and willfully combine, conspire, confederate, and agree to commit offenses against the United States, namely: to willfully and knowingly ship, transport, transfer, cause to be transported, or otherwise dispose of firearms to another person, or receive firearms, to wit: various firearms in or otherwise affecting interstate or foreign commerce, knowing or having reasonable cause to believe that the use, carrying, possession, or receipt of the firearms by the recipient would constitute a felony, all in violation of Title 18, United States Code, Section 933(a)(1), (a)(3), and (b).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[See Fed. R. Crim. 32.2]

### I.
### Conspiracy to Smuggle Goods from the United States Violation and Forfeiture Statutes
[Title 18 U.S.C. §§ 371 and 554, subject to forfeiture pursuant to Title 18 U.S.C § 981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violations set forth above, the United States gives notice to Defendants **TIBURCIO ACOSTA and ADALBERTO JAQUEZ HINOJOSA**, of its intent to seek the forfeiture of certain property upon conviction and pursuant to FED. R. CRIM. P. 32.2, Title 18 U.S.C. § 981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

> **Title 18 U.S.C. § 981. Civil Forfeiture**
> (a)(1) The following property is subject to forfeiture to the United States:
> * * *
> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.
>
> **Title 19 U.S.C. § 1595a. Forfeiture and other penalties**
> * **
> **(d) Merchandise exported contrary to law**
> Merchandise exported or sent from the United States or attempted to be exported or sent

5

from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

Title 18 U.S.C. § 554 Smuggling Goods from the United States is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7).

## II.
## Firearms Violation and Forfeiture Statutes
[Title 18 U.S.C. §§ 933(a)(1), (a)(3) and (b), subject to forfeiture pursuant to Title 18 U.S.C §§ 934(a)(1)(A) and (B)]

As a result of the criminal violations set forth above the United States of America gives notice to Defendants **TIBURCIO ACOSTA and ADALBERTO JAQUEZ HINOJOSA**, of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. §§ 934(a)(1)(A) and (B), which state:

> **Title 18 U.S.C. § 934. - Forfeiture and Fines**
> **(a) Forfeiture.**
>  (1) In General. — Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law—
>   (A) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
>   (B) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, except that for any forfeiture of any firearm or ammunition pursuant to this section, section 924(d) shall apply.

This Notice of Demand of Forfeiture includes but is not limited to the money judgment described below in Paragraph III.

## III.
## Money Judgment

A sum of money that represents the amount of proceeds obtained by the Defendants, directly or indirectly, as a result of the offenses set forth above, and the value of property used to facilitate, or intended to be used to facilitate the commission of the offense, for which Defendants **TIBURCIO ACOSTA and ADALBERTO JAQUEZ HINOJOSA** are individualy liable.

## Substitute Assets

6

      If any of the forfeitable property, as a result of any act or omission of the Defendants:

         a.    cannot be located upon the exercise of due diligence;
         b.    has been transferred or sold to, or deposited with, a third person;
         c.    has been placed beyond the jurisdiction of the Court;
         d.    has been substantially diminished in value; or
         e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property owned by the Defendants, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.



FOREPERSON OF THE GRAND JURY

JUSTIN SIMMONS
UNITED STATES ATTORNEY

BY: _____
    Assistant U.S. Attorney

7